In re the **MARRIAGE OF Rose M. RIGGS, Petitioner–Appellee,**

**and**

**Leslie E. Riggs, Respondent,**

**and Concerning Public Employees' Retirement Association of Colorado, Appellant.**

**No. 88CA1357.**

Colorado Court of Appeals, Div. I.

Dec. 21, 1989.

Rehearing Denied March 8, 1990.

No appearance for Rose M. Riggs.

No appearance for Leslie E. Riggs.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael J. Steiner, Asst. Atty. Gen., Denver, for appellant.

Opinion by Judge PIERCE.

In this dissolution of marriage action, the Public Employee's Retirement Association of Colorado (PERA) appeals a court order assigning the funds of a PERA member contribution account to pay child support arrearages and future child support obligations. We reverse.

Section 24-51-212, C.R.S. (1988 Repl.Vol. 10B) provides that:

"[E]xcept for assignments for child support purposes as provided for in sections 14-10-118(1) and 14-14-107, C.R.S., and except for writs of garnishment which are the result of a judgment taken for arrearages for child support or for child support debt, none of the moneys, trust funds, reserves, accounts, or benefits referred to in this article shall be assignable either in law or in equity or be subject to execution, levy, attachment, garnishment, bankruptcy proceedings, or other legal process."

Section 14-10-118, C.R.S. (1987 Repl.Vol. 6B) provides for an assignment of earnings or trust income to pay child support or maintenance. It also provides for the assignment of retirement benefits and pensions to pay child support. Section 14-14-107, C.R.S. (1987 Repl.Vol. 6B) provides for assignment of wages as a child support enforcement procedure available to the Department of Social Services.

The funds at issue here, which are accumulated deductions standing to the credit of a terminated PERA employee's individual account, and presently are being held in trust accounts by PERA. *See* § 24-51-208, C.R.S. (1988 Repl.Vol. 10B). The terminated member has the right, upon demand, to a refund of the accumulated funds, § 24-51-405, C.R.S. (1988 Repl.Vol. 10B); however, a refund has not been requested.

We agree with PERA that the General Assembly did not intend to subject accumulated deductions in a member contribution account to assignment for the payment of the future child support obligations of a PERA member. Those funds do not constitute earnings or trust income subject to assignment under §§ 14-10-118 and 14-14-107.

By limiting the right to an assignment as provided under those two statutory sections, the General Assembly intended to provide for assignments of only those PERA funds that are payable to a member, or a member's survivors, in the form of a monthly benefit such as those available upon retirement, disability, or death. The funds, however, would be subject to a writ of garnishment to collect a judgment for child support arrearages.

Judgment reversed.

METZGER and REED, JJ., concur.